**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

ADVANFORT COMPANY, *et al.*,

                        Plaintiffs,

    v.

INTERNATIONAL REGISTRIES, INC., *et al.*,

                        Defendants.

Case No. 1:15cv220 (LO/IDD)

**BRIEF IN SUPPORT OF MOTION
<u>TO DISMISS OF DEFENDANT THE MARITIME EXECUTIVE LLC</u>**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 3

III. ARGUMENT ................................................................................................................... 4

    A. Standard of Review ............................................................................................. 4

    B. This Court Lacks Personal Jurisdiction Over Maritime Executive ..................... 6

    C. Service of Process on Maritime Executive Was Not Sufficient .......................... 8

    D. Plaintiffs' Defamation Claims Are Barred by the One-Year Statute of Limitations .......................................................................................................... 9

    E. Plaintiffs' Defamation Claims Are Also Barred by Section 230 of the Communications Decency Act ............................................................................. 9

    F. Plaintiffs Fail to State a Claim for Defamation ................................................. 11

    G. Advanfort Company and Advanfort International, Inc. Do Not Have the Legal Right to Bring Claims in This Court ................................................................. 12

IV. CONCLUSION .............................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Baldino's Lock & Key Service, Inc. v. Google, Inc.*,
    2015 WL 402927 (E.D.Va. Jan. 27, 2015) .......................................................................10, 11

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ...............................................................................................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................5

*Ben Ezra, Weinstein, and Co. v. America Online, Inc.*,
    206 F.3d 980 (10th Cir. 2000) ...............................................................................................11

*Blumenthal v. Drudge*,
    992 F. Supp. 44 (D.D.C. 1998) ..............................................................................................11

*Brooks v. City of Winston–Salem, N.C.*,
    85 F.3d 178 (4th Cir. 1996) .....................................................................................................9

*Brown v. HSBC Mortg. Corp.*,
    2011 WL 3101780 (E.D. Va. July 22, 2011) ..........................................................................5

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................................................................1, 6, 8

*Chiaphua Components Ltd. v. West Bend Co.*,
    95 F. Supp. 2d 505 (E.D. Va. 2000) ........................................................................................6

*Chung v. NANA Development Corp.*,
    783 F.2d 1124 (4th Cir. 1986) .................................................................................................7

*Consolidated Engineering Co., Inc. v. Southern Steel Co.*,
    88 F.R.D. 233 (E.D. Va. 1980) ................................................................................................8

*Daimler AG v. Bauman*,
    134 S. Ct. 746 (2014) ......................................................................................................1, 6, 7

*Eastern Shore Markets, Inc. v. JDAssocs. Ltd. P'ship*,
    213 F.3d 175 (4th Cir. 2000) ...................................................................................................5

*Fill v. Midcoast Financial, Inc.*,
    2012 WL 5879840 (E.D.Va. Nov. 20, 2012) ..........................................................................7

-iii-

*Giarratano v. Johnson*,
 521 F.3d 298 (4th Cir. 2008) ...................................................................................................5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
 466 U.S. 408 (1984) .................................................................................................................6

*Hishon v. King & Spalding*,
 467 U.S. 69 (1984) ...................................................................................................................5

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 (1945) .................................................................................................................7

*Jordan v. Shands*,
 500 S.E.2d 215 (Va. 1998) .......................................................................................................9

*JTH Tax, Inc. v. Liberty Services Title, Inc.*,
 543 F. Supp. 2d 504 (E.D. Va. 2008) .......................................................................................6

*Katz v. Odin, Feldman & Pittleman*,
 332 F. Supp. 2d 909 (E.D.Va. 2004) ........................................................................................9

*Moore v. N. Homes of Pennsylvania, Inc.*,
 80 F.R.D. 278 (W.D. Va. 1978) .............................................................................................12

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
 591 F.3d 250 (4th Cir. 2009) .................................................................................................10

*Powers v. Cherin*,
 249 Va. 33, 452 S.E. 2d 666 (1995) ........................................................................................3

*Rock-Ola Mfg. Corp. v. Wertz*,
 249 F. 2d 813 (4th Cir. 1957) ................................................................................................12

*Sanyal v. Toyota Motor Corp.*,
 2014 WL 4925842 (E.D.Va. Sept. 30, 2014) ..........................................................................8

*Tsimpedes v. Martin*,
 2006 WL 2222393 (E.D.Va. Aug. 2, 2006) .............................................................................9

*Turpin v. Wellpoint Companies, Inc.*,
 2011 WL 1086482 (E.D.Va. Mar. 23, 2011) ...........................................................................8

*United States v. Kivanc*,
 714 F.3d 782 (4th Cir. 2013) ...................................................................................................9

*Walden v. Fiore*,
 134 S. Ct. 1115 (2014) .............................................................................................................7

*Westlake Legal Group v. Schumacher*,
    2014 WL 4097643 (E.D.Va. Aug. 19, 2014) ......................................................................9, 10

*World-Wide Volkswagen Corp. v. Woodson*,
    444 U.S. 286 (1980) ..................................................................................................................7

*Zeran v. America Online, Inc.*,
    129 F.3d 327 (4th Cir. 1997) ..............................................................................................2, 10

**STATUTES**

47 U.S.C. § 230(c) .........................................................................................................................9

47 U.S.C. § 230(c)(1) ...................................................................................................................10

47 U.S.C. § 230(e)(3) ...................................................................................................................10

47 U.S.C. § 230(f)(2) ....................................................................................................................10

47 U.S.C. § 230(f)(3) ....................................................................................................................10

Va. Code Ann. § 8.01-230 ..............................................................................................................9

Va. Code Ann. § 8.01-301(1)-(3) ................................................................................................1, 8

Va. Code Ann. § 8.01-328.1 .......................................................................................................6, 7

Va. Code Ann. § 13.1-758 .........................................................................................................3, 12

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(5) ..................................................................................................................8

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................9

Defendant The Maritime Executive LLC ("Maritime Executive"), by counsel, files this Brief in Support of its Motion to Dismiss, and in support thereof, states as follows:

## I. INTRODUCTION

The Complaint filed by Plaintiffs Advanfort Company, Advanfort International Inc., Samir Farajallah, and Ahmed Farajallah (collectively, "Plaintiffs") asserts claims for defamation and defamation *per se* against Maritime Executive based on an article written by Defendant John A.C. Cartner ("Cartner") that Maritime Executive is alleged to have posted on its website. The claims against Maritime Executive should be dismissed for at least six reasons.

First, this Court does not have personal jurisdiction over Maritime Executive. The Complaint acknowledges that Maritime Executive's home is Florida, and therefore general personal jurisdiction does not apply. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Moreover, the Complaint completely fails to allege any acts or omissions by Maritime Executive in the Commonwealth of Virginia, and only alleges that Maritime Executive posted Cartner's article on the Maritime Executive website. Such activity does not show that Maritime Executive "purposely availed" itself of the privilege of doing business in Virginia, and therefore there is no specific personal jurisdiction over Maritime Executive in Virginia. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477-78 (1985).[1]

Second, service of process of the Complaint on Maritime Executive was insufficient. The only attempt at serving Maritime Executive consisted of a messenger delivering a copy of the Complaint to an employee at the reception desk of Maritime Executive, who was not an officer, director, or registered agent of Maritime Executive. Thus, Plaintiffs failed to comply with Virginia Code § 8.01-301(1)-(3).

---

[1] Maritime Executive reserves the right to move for transfer of this case to the Southern District of Florida, should this case ultimately proceed against Maritime Executive.

Third, Plaintiffs' defamation claims are time-barred. The statute of limitations for defamation is one year from publication. Here, Plaintiffs allege that the defamatory statements were published on January 6, 2014. (Dkt. 1, Ex. C ¶ 45.) However, Plaintiffs did not file the instant lawsuit against Maritime Executive until January 20, 2015—more than one year after publication of the article.[2]

Fourth, Plaintiffs' claims against Maritime Executive are barred by Section 230 of the Communications Decency Act ("CDA"). That statute precludes courts from entertaining defamation claims against an online provider of content that simply published content originating from a third party. *Zeran v. America Online, Inc.*, 129 F.3d 327, 330 (4th Cir. 1997). Here, the only allegation against Maritime Executive is that Maritime Executive published an article on its website that was written by a third party (Defendant Cartner). (Dkt. 1, Ex. C ¶ 45.) That is precisely the type of activity that Congress intended to be immune from suit under the CDA, and the claims against Maritime Executive should be dismissed.

Fifth, while the CDA should entirely protect Maritime Executive from any suit for defamation, Maritime Executive also joins Cartner's Motion to Dismiss the defamation claims because Plaintiffs' defamation and defamation *per se* claims fail as a matter of law as the representations in the allegedly defamatory article, taken in context, are rhetorical hyperbole rather than assertions of fact. Moreover, Plaintiffs are, at a minimum, limited public figures for the purposes of the events described in the article, and Plaintiffs have failed to sufficiently plead facts that rise to the level of actual malice.

Finally, Advanfort Company and Advanfort International Inc. are prohibited by Virginia

---

[2] Maritime Executive understands that Plaintiffs filed a complaint against Maritime Executive in the Circuit Court of Fairfax County on or about January 5, 2015. Maritime Executive has not been served with that complaint.

statute from bringing these claims because they are foreign corporations that are not registered or otherwise authorized to transact business in Virginia. *See* Va. Code Ann. § 13.1-758.

## II. BACKGROUND

On January 20, 2015, Plaintiffs filed a Complaint in the Circuit Court of Fairfax County, Virginia against Defendants International Registries, Inc. ("IRI"), Cartner, and Maritime Executive. (Dkt. 1, Ex. C.) The Complaint alleges four counts. Counts I and II allege defamation and defamation *per se* against Maritime Executive and Cartner, and Counts III and IV allege tortious interference with contract and tortious interference with business expectancy against IRI and Cartner. (*Id.*)[3] The defamation claims against Maritime Executive are based solely on Plaintiffs' assertion that on January 6, 2014, Maritime Executive published on its website an allegedly defamatory article about Plaintiffs that had been written by Cartner about Plaintiffs. (*Id.* ¶¶ 43, 45.) Plaintiffs do not allege that Maritime Executive took any substantive steps in either drafting or editing the article written by Cartner. (*See id.* ¶¶ 43-56, 87-107.)

Plaintiffs purported to serve Maritime Executive with the Complaint on January 29, 2015, when an unidentified messenger arrived at Maritime Executive's offices in Fort Lauderdale, Florida and delivered certain documents to Brittany McCullars, who was sitting at the reception desk at the time. (*See* Decl. of Tony Munoz ¶ 12, filed herewith.) Ms. McCullars was not an officer, director, or registered agent of Maritime Executive, nor was Ms. McCullars authorized to

---

[3] As described in the Notice of Removal, IRI was fraudulently joined in this case. (Dkt. 1). The claims against IRI are entirely separate transactions and occurrences from the claims against Maritime Executive: (1) the defamation claims against Cartner and Maritime Executive arise out of the publication of Cartner's article while (2) the tortious interference claims arise out of a letter sent, allegedly by IRI, to Advanfort and/or Advanfort International apparently indicating that "it was no longer permitted to provide security services to Marshall Islands registered vessels, effectively immediately." (Dkt. 1, Ex. C ¶ 65.) Just as in *Powers v. Cherin*, 249 Va. 33, 452 S.E. 2d 666 (1995), these claims are misjoined because Maritime Executive cannot be liable for the alleged tortious interference, and IRI cannot be held liable for the alleged defamation.

accept service of process of lawsuits against Maritime Executive. (*Id.*)[4]

Critically, the Complaint does not contain any factual allegations of any conduct by Maritime Executive that purportedly took place in the Commonwealth of Virginia. First, the Complaint admits that Maritime Executive is located in Fort Lauderdale, Florida. (Dkt. 1, Ex. C, ¶ 6.) Moreover, Maritime Executive does not have sufficient contacts with Virginia to support a claim of personal jurisdiction over Maritime Executive, which is supported by the following facts:

- Maritime Executive is organized and exists under the laws of the state of Florida. (Decl. of Tony Munoz ¶ 2.)

- Maritime Executive has never maintained a place of business in Virginia. (*Id.* ¶ 5.)

- None of Maritime Executive's corporate files are located in Virginia. (*Id.* ¶ 6.)

- At no time has Maritime Executive had any employees located in Virginia. (*Id.* ¶ 7.)

- Maritime Executive is not licensed, registered, or otherwise authorized to conduct business in Virginia. (*Id.* ¶ 8.)

- Maritime Executive has no property, bank accounts, officers, or mailing addresses in Virginia. (*Id.* ¶ 9.)

- Maritime Executive has paid no taxes to the Commonwealth of Virginia. (*Id.* ¶ 10.)

- Maritime Executive does not maintain any telephone listing or mailing address in Virginia. (*Id.* ¶ 11.)

## III. ARGUMENT

### A. Standard of Review

A district court should grant a motion to dismiss "if it is clear that no relief could be

---

[4] On February 19, 2015, Maritime Executive and Cartner removed the Complaint to this Court by timely filing a Notice of Removal, a copy of which was also filed in Fairfax County Circuit Court. (Dkt. 1.)

granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). While the Court must take all factual allegations made in a complaint as true, see *Eastern Shore Markets, Inc. v. JDAssocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000), the Supreme Court heightened a plaintiff's pleading requirements in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In order to survive a motion to dismiss, the "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id*. at 555. Indeed, the Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a regime that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 306, n.3 (4th Cir. 2008).

Specifically, a plaintiff's claim must be dismissed if it fails to allege "enough facts to state a claim to relief that is plausible on its face" such that he has "nudged his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In *Iqbal*, the Court enunciated a two-step approach for determining whether a complaint may survive dismissal. First, a district court need not accept legal conclusions as true, as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 663. Second, only a complaint that states a plausible claim for relief should survive a motion to dismiss, and making such a determination is a "context-specific" task where the court must apply its judicial experience and common sense. *Id*. at 663-64. Sufficient facts must be pled for each element necessary to state a claim. *Brown v. HSBC Mortg. Corp.*, 2011 WL 3101780, at *1 (E.D. Va. July 22, 2011) (O'Grady, J.)

**B.      This Court Lacks Personal Jurisdiction Over Maritime Executive**

"Federal Rule of Civil Procedure 12(b)(2) permits a party to move the court to dismiss an action if the court lacks personal jurisdiction over the party." *JTH Tax, Inc. v. Liberty Services Title, Inc.*, 543 F. Supp. 2d 504, 505 (E.D. Va. 2008) (Doumar, J.). Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing, by a "preponderance of the evidence," a factual basis for asserting personal jurisdiction over each individual defendant. *Id.*

In Virginia, personal jurisdiction over a nonresident defendant is authorized by statute in two ways: (a) specific personal jurisdiction under Virginia's long-arm statute, Va. Code Ann. § 8.01-328.1; or (b) general personal jurisdiction. *Chiaphua Components Ltd. v. West Bend Co.*, 95 F. Supp. 2d 505, 507 (E.D. Va. 2000) (Jackson, J.)

For a corporation, general jurisdiction is proper only in the limited number of fora in which the defendant can be said to be "at home." *Daimler*, 134 S. Ct. at 760. "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Id.*

On the other hand, "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, n.8 (1984). Specific personal jurisdiction requires a tripartite showing that: (1) the non-forum defendant purposely directed its activities toward residents of the forum state or purposely availed itself of the privilege of conducting activities therein; (2) plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) the forum's exercise of personal jurisdiction in the case is reasonable, i.e. is consistent with fair play and substantial justice. *Burger King Corp.*, 471 U.S. at 477-78. "Traditional notions of fair play and substantial justice" require that the defendant must have certain "minimum contacts" with the

forum state. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). "The purpose of this limited jurisdiction is to protect defendants from the burdens of litigating in a distant or inconvenient forum." *Fill v. Midcoast Financial, Inc.*, 2012 WL 5879840 (E.D. Va. Nov. 20, 2012) (O'Grady, J.). Crucially, not just any contacts will do: "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126. Furthermore, the relation between the defendant and the forum "must arise out of contacts that the '*defendant himself*' creates with the forum." *Id.* at 1122 (emphasis added). Such minimum contacts only exist when the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "A defendant is protected by due process against being bound *in personam* by judgments of a forum with which he lacks meaningful relations." *Chung v. NANA Development Corp.*, 783 F.2d 1124, 1126 (4th Cir. 1986) (citations omitted).

Here, Plaintiffs claim personal jurisdiction "over all the Defendants pursuant to § 8.01-328.1 as the actions of the Defendants caused tortious injury in this Commonwealth and **at least one Defendant** engages in business in the Commonwealth of Virginia." (Dkt. 1, Ex. C ¶ 10) (emphasis added). But Plaintiffs have pleaded no facts at all that show that Maritime Executive has any connection to Virginia. In fact, Plaintiffs admit that Maritime Executive's home is Florida. (*Id.* ¶ 6). Therefore, there can be no general personal jurisdiction over Maritime Executive in this case. *Daimler*, 134 S. Ct. at 760. And because there are no allegations that Maritime Executive "purposely availed" itself of the privilege of doing business in Virginia, or

otherwise could reasonably expect to be haled into a Virginia court, there can also be no specific personal jurisdiction over Maritime Executive in Virginia. *Burger King Corp.*, 471 U.S. at 477-78

### C. Service of Process on Maritime Executive Was Not Sufficient

A defendant may challenge the sufficiency of service of process under Federal Rule of Civil Procedure 12(b)(5). Once challenged, the burden of establishing validity of service shifts to the plaintiff. *Sanyal v. Toyota Motor Corp.*, 2014 WL 4925842, at *1 (E.D. Va. Sept. 30, 2014) (Cacheris, J.). "The burden of proof is on [Plaintiff] to establish jurisdiction through proper service of process pursuant to the Virginia statute. This is true even where the action has been removed to federal court." *Consolidated Engineering Co., Inc. v. Southern Steel Co.*, 88 F.R.D. 233, 235 (E.D. Va. 1980) (Warriner, J.).

Under Virginia law, a foreign corporation may be served "[b]y personal service on any officer, director, or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth"; substituted service on the corporation's registered agent, or if there is none, on the clerk of the SCC; or substituted service upon the Secretary of the Commonwealth. *See* Va. Code Ann. § 8.01-301(1)-(3).

In this case, Plaintiffs purported to serve Maritime Executive by delivering a copy of the Complaint to Ms. McCullars at Maritime Executive's reception desk. Ms. McCullars was not (and is not) an officer, director, or registered agent of Maritime Executive. (Decl. of Tony Munoz ¶ 12). Accordingly, Plaintiffs failed to properly serve Maritime Executive. *See Turpin v. Wellpoint Companies, Inc.*, 2011 WL 1086482, at *2, n.6 (E.D. Va. Mar. 23, 2011) (Hudson, J.) (finding that plaintiff failed to serve process correctly where the complaint was served on an administrative assistant, and "was not an officer, director, or registered agent" of the defendant).

### D. Plaintiffs' Defamation Claims Are Barred by the One-Year Statute of Limitations

"The statute of limitations is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim." *United States v. Kivanc*, 714 F.3d 782, 789 (4th Cir. 2013). Dismissal is proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston–Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996).

A Virginia cause of action for a tort arises on the date the injury is sustained, Va. Code Ann. § 8.01-230. In the case of a defamation action, the cause of action arises on the date of publication. *See Jordan v. Shands*, 500 S.E.2d 215, 218 (Va. 1998). Here, Plaintiffs specifically plead that the alleged defamatory article was published on January 6, 2014. (Dkt. 1, Ex. C ¶ 45.) The Complaint was filed on January 20, 2015, over one year later. (Dkt. 1, Ex. C). Therefore, Plaintiffs' defamation claims "are barred by a one-year statute of limitations." *Westlake Legal Group v. Schumacher*, 2014 WL 4097643, at *1 (E.D. Va. Aug. 19, 2014) (O'Grady, J.); *Tsimpedes v. Martin*, 2006 WL 2222393, at *3 (E.D. Va. Aug. 2, 2006) (holding that defamation claims "are time-barred under the Virginia statute of limitations.") (Cacheris, J.); *see also Katz v. Odin, Feldman & Pittleman*, 332 F. Supp. 2d 909, 914-15 (E.D. Va. 2004) (Ellis, J.) ("plaintiff's claims based on the statements in OF&P's June 28, 2002 letter are barred as they were made more than one year… prior to the filing of this action.").

### E. Plaintiffs' Defamation Claims Are Also Barred by Section 230 of the Communications Decency Act

Plaintiffs' only two counts against Maritime Executive—alleging defamation and defamation *per se*—are barred by Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c). That section provides, in relevant part, as follows:

> No provider or user of an interactive computer service shall be treated as

> the publisher or speaker of any information provided by another information content provider.

47 U.S.C. § 230(c)(1).[5] "The plain language of the statute creates a federal immunity to any cause of action that would make an interactive computer service liable for content originating with a third-party information content provider." *Baldino's Lock & Key Service, Inc. v. Google, Inc.*, 2015 WL 402927, at *2 (E.D. Va. Jan. 27, 2015) (Hilton, J.); *Westlake Legal Group*, 2014 WL 4097643, at *1 (O'Grady, J.) ("Provisions of the CDA 'bar state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties.'"). "Congress thus established a general rule that providers of interactive computer services are liable only for speech that is properly attributable to them." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009). The CDA enforces its mandate in § 230(e)(3), which provides that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." 47 U.S.C. § 230(e)(3).

"Specifically, § 230 precludes courts from entertaining claims that would place a computer service provider in a publisher's role. Thus, lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content—are barred." *Zeran*, 129 F.3d at 330. A publishing website is immune under the CDA even when given notice that it has published false information. *Id*. at 333.

---

[5] The statute defines the term "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2). The statute defines the term "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3).

In fact, courts have held that even if a computer service provider pays a third party, distributes content to its subscribers, or makes minor edits to the third party's content, the online publisher is still immune from suit. For example, in *Batzel v. Smith*, 333 F.3d 1018 (9th Cir. 2003), the distributor of an electronic newsletter was considered a publisher for the purposes of CDA immunity, even though the newsletter forwarded a third party's email to the newsletter "list serve" with minor edits. *Id.* at 1031 ("Because Cremers did no more than select and make minor alterations to Smith's e-mail, Cremers cannot be considered the content provider of Smith's e-mail for purposes of § 230.") Similarly, in *Blumenthal v. Drudge*, 992 F. Supp. 44 (D.D.C. 1998), Judge Paul Friedman of the District of Columbia held that AOL was immune from suit for an article that it published, written by Matt Drudge, even though AOL had editorial control over the content and paid Drudge for his articles. *Id.* at 49-53 ("Congress has made a different policy choice by providing immunity even where the interactive service provider has an active, even aggressive role in making available content prepared by others."); *see also, e.g.*, *Ben Ezra, Weinstein, and Co. v. America Online, Inc.*, 206 F.3d 980, 985-86 (10th Cir. 2000) (defendant immune from suit although it edited and altered stock quotations provided by a third party).

Here, Plaintiffs do not allege that Maritime Executive had any involvement in the creation of the alleged defamatory article. In fact, the Complaint expressly alleges that "Cartner authored" the article. (Dkt. 1, Ex. C ¶ 45.) Maritime Executive did nothing more than "publish[] [the article] on the Maritime Executive website." (*Id.*) As alleged to be nothing more than an online publisher, Maritime Executive is immune from suit under the CDA. *See Baldino's*, 2015 WL 402927, at *2 ("The immunity extends to all information posted that does not originate with the defendant as an information content provider.")

### F. Plaintiffs Fail to State a Claim for Defamation

As Defendant Cartner describes in his Motion to Dismiss, Plaintiffs' defamation and

-11-

defamation *per se* claims fail as a matter of law because the representations in the allegedly defamatory article, taken in context, are rhetorical hyperbole rather than assertions of fact. Moreover, Plaintiffs are, at a minimum, limited public figures for the purposes of the events described in the article, and Plaintiffs failed to sufficiently plead facts arising to actual malice.[6]

### G. Advanfort Company and Advanfort International, Inc. Do Not Have the Legal Right to Bring Claims in This Court

Under Virginia law, "[a] foreign corporation transacting business in the Commonwealth without a certificate of authority may not maintain a proceeding in any court in the Commonwealth until it obtains a certificate of authority." Va. Code Ann. § 13.1-758. This statute applies to federal district courts sitting in Virginia in diversity actions, like here. *Rock-Ola Mfg. Corp. v. Wertz*, 249 F. 2d 813, 814 (4th Cir. 1957) ("If the doors of a State's courts are properly shut to a foreign corporation, it is now settled that the corporation is likewise barred from suing, on the basis of diversity of citizenship, in a Federal court sitting in that state"); *Moore v. N. Homes of Pennsylvania, Inc.*, 80 F.R.D. 278, 279 (W.D. Va. 1978). In *Moore*, the court held that the statute is "an absolute bar to the offender's use of the courts to press its claim until compliance with the statutes is effected." 80 F.R.D. at 282.

In the instant case, neither Advanfort Company Inc. nor Advanfort International is registered to do business in the Commonwealth or has been issued a certificate of authority to transact business in Virginia. *See* Ex. 1. As such, those companies may not proceed as plaintiffs in this litigation, and the case should be dismissed as to those entities.

### IV. CONCLUSION

For the foregoing reasons, and for the reasons discussed in Defendant Cartner's Brief in Support of Motion to Dismiss the Complaint regarding Counts I and II, Maritime Executive

---

[6] Rather than repeat the bulk of those arguments here, Maritime Executive incorporates by reference Defendant Cartner's arguments on these issues.

respectfully requests that this Court dismiss Plaintiffs' action against Maritime Executive with prejudice.

Dated: February 26, 2015

Respectfully submitted,

*/s/ Charles B. Molster III*
Charles B. Molster, III
Virginia Bar No. 23613
Adam Nadelhaft (*Pro Hac Vice* pending)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Telephone: (202) 282-5988
Facsimile: (202) 282-5100
cmolster@winston.com

ATTORNEYS FOR DEFENDANT
THE MARITIME EXECUTIVE LLC

-14-

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of February, 2015, a true and correct copy of the foregoing document was served using the Court's CM/ECF system on all attorneys of record by electronic means.


                                                   */s/ Charles B. Molster, III*
                                                   Charles B. Molster, III